```
Darren Donnelly (SBN 194335)
ddonnelly@polsinelli.com
POLSINELLI
Three Embarcadero Center #2400
San Francisco, CA 94111
Telephone:  (415) 248-2100
Facsimile:   (415) 248-2101
```

*Attorneys for ZIIP Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZIIP Inc., <br><br> Plaintiff, <br><br> v. <br><br> Carol Cole Co. <br><br> Defendant. | Case No.: **'25CV2281 BAS BLM** <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff ZIIP Inc. ("ZIIP") hereby alleges the following for its complaint against Defendant Carol Cole Co. d/b/a NuFACE ("NuFACE"):

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, to obtain damages and any other appropriate relief resulting from NuFACE's unauthorized making, using, selling, offering for sale, and importing in or into the United States products, and associated methods, that infringe ZIIP's patented innovations.

2. ZIIP Inc. is the owner of all right, title, and interest in and to U.S. Patent Nos. 10,967,180 ("the '180 patent") (attached as **Exhibit 1**) and 12,042,652 ("the '652 patent") (attached as **Exhibit 2**) (collectively, the "Asserted Patents")

including the rights to sue and recover for infringements. As set forth herein, NuFACE infringes each of the Asserted Patents.

3. NuFACE, directly and through subsidiaries or intermediaries including distributors, retailers, and others, manufactures, provides, uses, sells, offers for sale, imports, and/or distributes infringing products and services, and encourages others to use its products and services in an infringing manner

4. ZIIP seeks all appropriate remedies, including past and future damages and prejudgment and post-judgment interest, and injunctive relief for NuFACE's infringement of the Asserted Patents.

## THE PARTIES

5. ZIIP Inc. is a Delaware corporation with its principal place of business at 2495 Estand Way Pleasant Hill, CA 94523.

6. ZIIP Inc. was founded in 2015 Melanie Simon and David Mason.

7. ZIIP Inc. introduced the world to the first-ever app-connected beauty device, ZIIP GX, and is a company focused on providing high-tech, at-home skincare solutions, primarily using electrical currents to enhance skin appearance.

8. ZIIP now offers devices such as the ZIIP Halo and ZIIP Dot, which use Nanocurrent™ and Microcurrent technology to treat issues like wrinkles, acne, and skin tone.

9. The ZIIP Halo product line has over 1,200 reviews with a nearly 5-star average rating.

10. ZIIP also offers specialized conductive gels designed by its innovative chemists to support these treatments.

11. ZIIP aims to deliver professional-level facials in the comfort of one's home, targeting a range of skin concerns with an emphasis on convenience and effectiveness by offering products with mobile-app integration and expert-backed designs.

12. The Beauty Tech Group Limited is a UK corporation with its

principal place of business at Glasshouse, Block 1s1 Congleton Road, Nether Alderley, Macclesfield, Cheshire, UK SK10 4ZE.  The Beauty Tech Group Limited acquired ZIIP Inc in 2022.

13. NuFACE is a California corporation with its principal place of business at 1325 Sycamore Ave, Suite A, Vista, California 92081.

14. NuFACE is responsible for the design, manufacture, importation, and sale of microcurrent facial and beauty products such as Trinity+, Trinity+ PRO, Trinity+ Effective Lip & Eye Attachment, Mini+, and Mini+ Velvet Rose.

15. NuFACE is and has been registered to do business in the State of California since at least 2000. NuFACE may be served in California via its registered agent, Jennifer Lerma located at 1325 Sycamore Ave, Suite A Vista, California 92081.

## JURISDICTION AND VENUE

16. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, and 1338(a).

17. This Court has general and specific personal jurisdiction over NuFACE because, directly or through intermediaries, NuFACE has committed acts of infringement within this District giving rise to this action, is present in and transacts and conducts business in this District and the State of California, and transacts and conducts business with residents of this District and the State of California.

18. ZIIP's causes of action arise, at least in part, from NuFACE's contacts with and activities in this District and the State of California.

19. NuFace resides in this the State of California and has a regular and established place of business in this District.

20. NuFACE has infringed the Asserted Patents within this District and the State of California by making, using, selling, offering for sale, and importing in or into this District and elsewhere in the State of California, products claimed by

the Asserted Patents, including without limitation products embodying the apparatus claims and products made by, using, or otherwise employing the claimed methods of the Asserted Patents.

21. NuFACE, directly and through intermediaries, makes, uses, sells, offers for sale, imports, ships, distributes, advertises, promotes, and/or otherwise commercializes such infringing products in or into this District and the State of California. Defendant regularly conducts and solicits business in, engages in other persistent courses of conduct in, and/or derives substantial revenue from goods and services provided to residents of this District and the State of California.

22. NuFACE has minimum contacts with this forum as a result of business regularly conducted within this District and the State of California, and, on information and belief, specifically as a result of committing acts of patent infringement within this District and the State of California.

23. This Court also has personal jurisdiction over NuFACE because it does continuous and systematic business in this District, including by providing infringing products and services to the residents of this District that NuFACE knew would be used within this District, performing and having residents of this District perform infringing methods within this District, and by soliciting business from the residents of this District.

24. For example, NuFACE is subject to personal jurisdiction in this Court because NuFACE, itself and/or through agents, regularly solicits and transacts business in this District and has established places of business in this District. Accordingly, this Court's jurisdiction over NuFACE comports with the constitutional standards of fair play and substantial justice and arises directly from Defendant's purposeful minimum contacts with the State of California.

25. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).

## THE ASSERTED PATENTS

26. On April 6, 2021, the '180 patent, titled "ELECTRICAL CURRENT

STIMULATOR APPARATUS" was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '180 patent is attached hereto as **Exhibit 1**.

27. The '180 patent claims patent-eligible subject matter and is valid and enforceable.

28. The '180 patent relates to methods for applying electrical stimulation to the skin, muscles, or other body tissues to achieve various therapeutic effects, such as muscle toning, skin rejuvenation, or physical therapy.

29. The claims of the '180 patent require the use of specific hardware components configured in a particular, non-abstract manner. Claim 1, for example, claims a method of using an apparatus having a first electrode and a second electrode extending from a housing and a processor. The claimed method requires delivering a less than one milliampere electric current to a first area of the skin in contact with the first and second electrodes, where the current is controlled to improve cosmetic appearances of the skin. The method further requires at least one of the electric current and the vibration to be controlled based on programmable instructions from an external device.

30. As the '180 patent explains, the "a rotor of the electric motor can be attached to a weight, which causes the electric motor and the apparatus to vibrate when the electric motor spins the rotor. The vibration can be used to signal the user to move the apparatus to a different area" of the skin.

31. In another example, Claim 1 also requires controlling the less than one milliampere current to have a specific waveform. According to the '180 patent, "a particular set of programmable instructions can specify a specific waveform . . . that begins with one minute of a square wave, followed by two minutes of a sine wave, followed by five minutes of a triangle wave."

32. ZIIP Inc. is the owner of the entire right, title, and interest of the '180 patent including the right to sue for and collect past, present, and future damages

1 and to seek and obtain injunctive or any other relief for infringement.

33. NuFACE is responsible for the design, manufacture, importation, and sale of microcurrent facial toning devices and beauty products such as Trinity+, Trinity+ PRO, Trinity+ Effective Lip & Eye Attachment, and Mini+ ("Accused Instrumentalities").

34. The Accused Instrumentalities and/or user thereof infringe at least claim 1 of the '180 patent, as shown in **Exhibit 3**.

35. NuFACE is not licensed to the '180 patent, either expressly or implicitly, nor does NuFACE enjoy the benefit from any rights in or to the '180 patent.

36. On July 23, 2024, the '652 patent, titled "ELECTRICAL CURRENT STIMULATOR APPARATUS" was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '652 patent is attached hereto as **Exhibit 2**.

37. The '652 patent claims patent-eligible subject matter and is valid and enforceable.

38. The '652 patent describes an electrical stimulation device designed to deliver controlled, customizable treatments for cosmetic and therapeutic purposes, with user-friendly features such as feedback prompts and adjustable settings.

39. The claims of the '652 patent require the use of specific hardware components configured in a particular, non-abstract manner. Claim 1, for example, claims a method of using an apparatus having a first electrode and a second electrode extending from a housing and a processor. The claimed method requires delivering a less than one milliampere electric current to a first area of the skin in contact with the first and second electrodes, where the electrodes are substantially identical convex curved surfaces.

40. As the '652 patent explains, the convex curved surfaces are "ideal for smooth movement across the user's body or face."

41. In another example, Claim 1 also requires controlling the less than one milliampere current to have a specific waveform. According to the '652 patent, "a particular set of programmable instructions can specify a specific waveform . . . that begins with one minute of a square wave, followed by two minutes of a sine wave, followed by five minutes of a triangle wave."

42. ZIIP Inc. is the owner of the entire right, title, and interest of the '652 patent including the right to sue for and collect past, present, and future damages and to seek and obtain injunctive or any other relief for infringement.

43. The Accused Instrumentalities and/or use thereof infringe at least claims 1 and 19 of the '652 patent, as shown in **Exhibit 4**.

44. NuFACE is not licensed to the '652 patent, either expressly or implicitly, nor does NuFACE enjoy the benefit from any rights in or to the '652 patent.

## THE ACCUSED INSTRUMENTALITIES

45. NuFACE's microcurrent products are capable of communicating with consumer smartphones, at least through the NuFACE Smart App.

46. At least one NuFACE representative has stated that the NuFACE Smart App can unlock a "secret menu" experience on NuFACE devices.

47. By utilizing the "secret menu," users can access "app-exclusive treatments" that require pairing the device and app.

48. One "app-exclusive treatment" includes the "pro facial," which, when executed on the mobile device, "send[s] a deeper level of microcurrent to [the] device" which allows the device to operate "deeper" into a user's muscles.

49. On February 3, 2025, Counsel for ZIIP sent NuFACE a cease and desist letter informing NuFACE that their products infringe the '180 and '652 patents. Despite ZIIP's demand, NuFace's infringement has continued. NuFace has copied ZIIP's patented technology and has willfully infringed the '180 and '652 patents.

## COUNT I

### (INFRINGEMENT OF THE '180 PATENT)

50. ZIIP restates and realleges paragraphs 1–49 of this Complaint as if fully set forth herein.

51. NuFACE has and continues to directly and/or indirectly infringe either literally or under the doctrine of equivalents at least one claim of the '180 patent.

52. NuFACE has had actual notice that the Accused Instrumentalities infringe the '180 patent at least as of February 3, 2025.

53. ZIIP has complied with the marking requirements of 35 U.S.C. § 287 at least by prominently displaying its patent portfolio on its webpage.

54. NuFACE has actively induced and continues to induce product makers, distributors, partners, agents, affiliates, service providers, importers, resellers, customers, retailers, and/or end users to directly infringe the '180 patent in violation of 35 U.S.C. § 271(b) by, among other things, disseminating, manufacturing, distributing, importing, and/or maintaining the Accused Instrumentalities, and/or instructing users of the Accused Instrumentalities to use them in infringing manner with knowledge and specific intent to cause that infringement as shown in **Exhibit 3**.

55. NuFACE contributes to the direct infringement of at least claim 1 of the '180 patent under 35 U.S.C. § 271(c) by supplying a component of a patented combination and/or an apparatus for use in practicing a patented process. The component and/or apparatus includes, but is not limited to, the NūFACE Trinity Plus having a first electrode and second electrode extending from a housing and a processor capable of receiving programmable instructions from a mobile smartphone via an application. The above-identified component and/or apparatus constitutes a material part of the invention patented in claim 1 of the '180 patent. NuFace has had knowledge of the '180 patent and has performed such acts

knowing the component and/or apparatus is especially made or especially adapted for use in an infringement of the '180 patent, and it is not a staple article or commodity of commerce suitable for substantial noninfringing use. For example, the combination of the device and mobile application substantially embody claim 1 of the '180 patent.

56. NuFACE contributes to its customers' and/or third parties' infringement because, with knowledge of the '180 patent, NuFACE supplies the technology that allows its customers to infringe the '180 patent.

57. On information and belief, NuFACE has and will continue to encourage, aid, or otherwise cause its customers and/or third parties to at least use the Accused Instrumentalities, which are acts of direct infringement of the '180 patent, and NuFACE has and will continue to encourage, aid, or otherwise cause those acts with the specific intent to infringe at least claim 1 of the '180 patent.

58. On information and belief, NuFACE provides information and technical support to its customers and/or third parties, including promotional materials, product manuals, brochures, videos, demonstrations, and website materials encouraging its customers and/or third parties to purchase the Accused Instrumentalities and instructs its customers and/or third parties on how to use the Accused Instrumentalities —which are acts of direct infringement of the '180 patent.

59. ZIIP has been irreparably harmed by NuFACE's ongoing infringement of the '180 patent.

## COUNT II

### (INFRINGEMENT OF THE '652 PATENT)

60. ZIIP restates and realleges paragraphs 1–49 of this Complaint as if fully set forth herein.

61. NuFACE has and continues to directly and/or indirectly infringe either literally or under the doctrine of equivalents at least one claim of the '652

patent.

62. NuFACE has had actual notice that the Accused Instrumentalities infringe the '652 patent at least as of February 3, 2025.

63. ZIIP has complied with the marking requirements of 35 U.S.C. § 287 at least by prominently displaying its patent portfolio on its webpage.

64. NuFACE actively induced and continues to induce product makers, distributors, partners, agents, affiliates, service providers, importers, resellers, customers, retailers, and/or end users to directly infringe the '652 patent in violation of 35 U.S.C. § 271(b) by, among other things, disseminating, manufacturing, distributing, importing, and/or maintaining the Accused Instrumentalities and/or instructing users of the Accused Instrumentalities to use in infringing manner with knowledge and specific intent to cause that infringement as shown in **Exhibit 4**.

65. NuFACE contributes to the direct infringement of at least claims 1 and 19 of the '652 patent under 35 U.S.C. § 271(c) by supplying a component of a patented combination and/or an apparatus for use in practicing a patented process. The component and/or apparatus includes, but is not limited to, the NūFACE Trinity Plus having a first electrode and second electrode extending from a housing and a processor capable of receiving programmable instructions from a mobile smartphone via an application. The above-identified component and/or apparatus constitutes a material part of the invention patented in claims 1 and/or 19 of the '652 patent. NuFace has had knowledge of the '652 patent and has performed such acts knowing the component and/or apparatus is especially made or especially adapted for use in an infringement of the '652 patent, and it is not a staple article or commodity of commerce suitable for substantial noninfringing use. For example, the combination of the device and mobile application substantially embody claims 1 and/or 19 of the '652 patent.

66. NuFACE contributes to its customers' and/or third parties'

infringement because, with knowledge of the '652 patent, NuFACE supplies the technology that allows its customers to infringe the '652 patent.

67. On information and belief, NuFACE has and will continue to encourage, aid, or otherwise cause its customers and/or third parties to at least use the Accused Instrumentalities, which are acts of direct infringement of the '652 patent, and NuFACE has and will continue to encourage, aid, or otherwise cause those acts with the specific intent to infringe at least claim 1 and 19 of the '652 patent.

68. On information and belief, NuFACE provides information and technical support to its customers and/or third parties, including promotional materials, product manuals, brochures, videos, demonstrations, and website materials encouraging its customers and/or third parties to purchase the Accused Instrumentalities and instructs its customers and/or third parties on how to use the Accused Instrumentalities —which are acts of direct infringement of the '652 patent.

69. ZIIP has been irreparably harmed by NuFACE's ongoing infringement of the '652 patent.

## JURY TRIAL DEMANDED

70. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, ZIIP respectfully requests the following relief:

a. A judgment that Defendant has directly infringed and continue to directly infringe, literally, and/or under the doctrine of equivalents, each of the Asserted Patents;

b. A judgment that Defendant has induced and continue to induce infringement of each of the Asserted Patents;

c. A judgment that Defendant has contributorily infringed and continue to

       contributorily infringe each of the Asserted Patents;

d. A judgment that Defendant has willfully infringed each of the Asserted Patents;

e. An injunction barring Defendant and its offers, directors, agents, employees, affiliates, attorneys, and all others active in privity or in concert with them from further acts of infringement of the Asserted Patents; alternatively, a judicial decree that Defendant pay an ongoing royalty in an amount to be determined for continued infringement after the date of judgment;

f. A judgment and order requiring Defendant to pay Plaintiff damages under 35 U.S.C. § 284, including supplemental damages for any continuing post-verdict infringement through entry of the final judgment with an accounting as needed;

g. A judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285 and that Plaintiff is therefore entitled to reasonable attorneys' fees, and an award to Plaintiff of all such reasonable attorneys' fees;

h. A judgment and order requiring Defendant to pay Plaintiff pre-judgment and post-judgment interest on any awarded damages;

i. A judgment and order awarding Plaintiff its costs associated with bringing this action;

j. Any further relief as the Court deems just and equitable.

Dated: September 2, 2025

Respectfully submitted,

**Polsinelli LLP**

By: */s/ Darren E. Donnelly*
Darren E. Donnelly (SBN 194335)
ddonnelly@polsinelli.com
Three Embarcadero Center, Suite 2400
San Francisco, CA  94111
Telephone:     (415) 248-1000
Facsimile:     (415) 248-2100
*Attorneys for ZIIP Inc.*

-1-

COMPLAINT FOR PATENT INFRINGEMENT
Case No.

102826869.12