# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZIIP Inc., <br><br> Plaintiff, <br><br> v. <br><br> Carol Cole Co., <br><br> Defendant. | Case No. 25-cv-02281-BAS-BLM <br><br> **ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO STAY (ECF No. 8)** |

Pending before the Court is Defendant Carol Cole Co.'s Unopposed Motion to Stay. (ECF No. 8.) For the reasons herein, the Court **GRANTS** Defendant's motion. (*Id.*)

**I.    BACKGROUND**

On September 3, 2025, Plaintiff ZIIP, Inc. ("Plaintiff") filed the instant action alleging infringement of U.S. Patent Nos. 10,967,180 and 12,042,652 (collectively, the "Asserted Patents"). (ECF No. 1.) On the same date, Plaintiff also filed its Verified Complaint under Section 337 of the Tariff Act of 1930 requesting that the ITC institute an investigation against NuFace for alleged infringement of the Asserted Patents. (ECF No. 8.) NuFace is the proposed Respondent in Plaintiff's request for an ITC Investigation. (*Id.*) Notably, there has not yet been a Notice of Institution issued—meaning that the investigation has not yet been instituted. *See* Certain Microcurrent Facial Toning Devices

and Systems Thereof, Inv. No. 337-TA-3846, USITC Pub. 3846 (Sep. 03, 2025) (Preliminary).

## II.     DISCUSSION

### A.     Mandatory Stay under 28 U.S.C. § 1659

Two patents are at issue in this litigation. (ECF No. 1.) Defendant seeks to stay this action in its entirety. (ECF No. 8.) For its part, § 1659(a) provides that:

> In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission, but only if such request is made within—
> (1) 30 days after the party is named as a respondent in the proceeding before the Commission, or
> (2) 30 days after the district court action is filed, whichever is later.

Both Plaintiff and Defendant are parties to this litigation and the ITC Action. In the latter action, Defendant is the sole respondent and Plaintiff is one of two complainants. Each case involves substantially the same issues, specifically, the alleged infringement of the Asserted Patents. (ECF No. 8.)

Defendant filed the motion to stay on October 30, 2025. (*Id*.) It is true, as Defendant alleges, that October 3, 2025 is within 30 days after the district court action was filed on September 3, 2025. (*Id.* at 2:18–19.) However, the ITC has not yet issued its Notice of Institution to the Federal Register—meaning the ITC has not yet formally instituted an investigation. *See* Certain Microcurrent Facial Toning Devices and Systems Thereof, Inv. No. 337-TA-3846, USITC Pub. 3846 (Sep. 03, 2025) (Preliminary). The date that the ITC may issue its Notice of Institution is later than the date this action was filed in district court, meaning that under § 1659(a), the date the ITC institutes its investigation controls. Thus,

the Court finds that Defendant does not properly demonstrate a basis for mandatory stay under § 1659(a).

### B.  Discretionary Stay under *Landis*

District courts possess an inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  In performing a *Landis* analysis, district courts are primarily concerned with balancing the competing interests of the moving and non-moving parties.  *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).  Defendant conferred with Plaintiff's counsel, who did not oppose the motion.  (*Id.* at 2:20–23.)  Therefore, because the parties appear to agree that staying the action is warranted, or at least acceptable, the Court sees no reason not to exercise its authority to issue one.  *See, e.g., White v. Novartis Pharms. Corp.*, No. CIVS0600665WBSGGH, 2006 WL 1409556, at *1 (E.D. Cal. May 22, 2006).

\* \* \*

In sum, though Defendant has not proven a basis for mandatory stay under § 1659(a), the Court **GRANTS** Defendant's motion based on its inherent discretion to stay proceedings.  *See Landis,* 299 U.S. at 254.

### III.  CONCLUSION

For the reasons discussed, the Court **GRANTS** Defendant Carol Cole Co.'s Unopposed Motion to Stay.  (ECF No. 8.)

**IT IS SO ORDERED.**

**DATED: October 23, 2025**

Hon. Cynthia Bashant, Chief Judge
United States District Court